1   Mark R. Thierman, Nev. Bar No. 8285
     mark@thiermanlaw.com
2   Joshua D. Buck, Nev. Bar No. 12187
     josh@thiermanlaw.com
3   Leah L. Jones, Nev. Bar No. 13161
     leah@thiermanlaw.com
4   THIERMAN BUCK, LLP
     7287 Lakeside Drive
5   Reno, Nevada 89511
     Tel. (775) 284-1500
6   Fax. (775) 703-5027

7   *Attorneys for Plaintiff*

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RANDY CLAYTON and EMIL BOTEZATU on behalf of themselves and all others similarly situated, | Case No.: |
| | **COLLECTIVE AND CLASS ACTION COMPLAINT FOR:** |
| Plaintiffs, | 1) Failure to Pay Wages for All Hours Worked in Violation of 29 U.S.C. § 201, et. seq; |
| vs. | 2) Failure to Pay Overtime in Violation of 29 U.S.C. § 207; |
| ON DEMAND SEDAN SERVICES, INC.; and DOES 1 through 50, inclusive, | 3) Failure to Pay Correct Overtime Wage in Violation of 29 U.S.C. § 207; |
| Defendant(s). | 4) Failure to Pay Wages for All Hours Worked in Violation of NRS 608.140 and 608.016; |
| | 5) Failure to Pay Minimum Wages in Violation of the Nevada Constitution and NRS 608.250; |
| | 6) Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050; and |
| | 7) Breach of Contract. |
| | **JURY TRIAL DEMANDED** |

- 1 -
COLLECTIVE AND CLASS ACTION COMPLAINT FOR
MINIMUM WAGES AND OVERTIME COMPENSATION

THERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

COMES NOW Plaintiffs RANDY CLAYTON and EMIL BOTEZATU ("Plaintiffs"), on behalf of themselves and all others similarly situated, and hereby allege as follows:

All allegations in this Complaint are based upon information and belief except for those allegations that pertain to the Plaintiffs named herein and their counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1.    This Court has original jurisdiction over the claims alleged herein pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), which states: "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).

2.    Plaintiffs are also seeking to recover unpaid wages due pursuant to Nevada statutory authority and pursuant to an agreement (implied by law and fact) to pay for all hours worked and/or under the wage laws of the State of Nevada. Plaintiffs therefore have a private right of action pursuant to Nevada Revised Statute ("NRS") §§ 608.040 and 608.140 as well as a claim for minimum wages for all hours worked "off the clock" pursuant to Section 16 of Article 15 of the Nevada State Constitution. Plaintiffs seek waiting time wages under NRS 608.020-608.050 inclusive.

3.    A party seeking to recover unpaid wages has a private right of action for violation of the minimum wage laws pursuant to Section 16 of Article 15 of the Nevada State Constitution, which states: "An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs." NEV. CONST. art. XV, § 16. There is

no statute of limitations to bringing an action under Section 16 of Article 15 of the Nevada State Constitution, so the general six-year statute for breach of a statutory duty, NRS 11.190(1)(b) applies.

4.     Plaintiffs also have a private cause of action under NRS sections 608.050, 608.250, and 608.140.  *See also Csomos v. Venetian Casino Resort, LLC*, 2011 Nev. Unpub. LEXIS 1629 (Nev. 2011) ("The legislative scheme is consistent with a private cause of action for employees and the Legislature enacted the statute to protect employees, supporting a private cause of action under NRS 608.040.);[1] *Busk v. Integrity Staffing Solutions, Inc*., 713 F.3d 52 (9th Cir. 2013) rev'd on other grounds, No. 13-433, 2014 WL 6885951 (U.S. Dec. 9, 2014) ("Nevada Revised Statute § 608.140 does provide a private right of action to recoup unpaid wages."); *Doolittle v. Eight Judicial Dist. Court*, 54 Nev. 319, 15 P.2d 684; 1932 Nev. LEXIS 34 (Nev. 1932) (recognizing that former employees have a private cause of action to sue their employer (as well as third party property owners where the work was performed) for wages and waiting penalties under NRS 608.040 and NRS 608.050).  It would be unreasonable to assume that the legislature would grant a private right of action for minimum wage, but not for overtime wages, resulting from the Defendant's failure to pay for the same time worked if such time was required to be compensated at a premium overtime rate.

5.     Under Nevada law, an employee is entitled to waiting time penalties for failure by his or her employer to timely pay all wages due and owing. NRS § 608.050(1) and (2) states:

> Whenever an employer of labor shall discharge or lay off his or its employees without first paying them the amount of any wages or salary then due them, in cash and lawful money of the United States, or its equivalent, or shall fail, or refuse on demand, to pay them in like money or its equivalent, the amount of any wages or salary at the time the same becomes due and owing to them under their contract of employment, whether employed by the hour, day, week or month, each of his employees may charge and collect wages in the sum agreed upon in the contract of employment for each day his employer is in default, until he is paid in full, without

---

[1] "There is no bar to citing a published or unpublished decision from another circuit, regardless of its precedential value within the other circuit." *American Economy Ins. Co. v. Reboans, Inc*., 900 F. Supp. 1246, 1257 (N.D. Cal. 1995); Fed R. App. Proc. 32.1 and Ninth Circuit Rule 36-3.

THERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**THERMAN BUCK, LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

rendering any service therefor; but he shall cease to draw such wages or salary 30 days after such default. Every employee shall have a lien as provided in NRS 108.221 to 108.246, inclusive, and all other rights and remedies for the protection and enforcement of such salary or wages as he would have been entitled to had he rendered services therefor in the manner as last employed.

6.      Venue is proper in this Court because one or more of the Defendant(s) named herein maintains its principal place of business, or otherwise is found in this judicial district and the acts complained of herein occurred in Clark County, Nevada.

## PARTIES

7.      Plaintiff RANDY CLAYTON is a natural person who is a resident of the State of Nevada and was employed by Defendant from on or about October 21, 2013 through on or about May 16, 2014.

8.      Plaintiff EMIL BOTEZATU is a natural person who is a resident of the State of Nevada and was employed by Defendant from on or about February 20, 2012 to March 5, 2014.

9.      Defendant ON DEMAND SEDAN SERVICES, INC. (hereinafter "Defendant" or "ODS") is a Nevada corporation with a principal place of business at 4675 Wynn Rd., Las Vegas, Nevada.

10.     At all times relevant herein, Defendant was an employer under NRS 608.011 for all employees in Nevada. Defendant is an employer under the provisions of Nevada Revised Statues Chapter 608, is certified by the Nevada Transportation Authority to be engaged as a charter limousine service, with an active certificate #1040.3, and is engaged in commerce for the purposes of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* and not subject to the motor carrier act exemption to the FLSA, 29 U.S.C. §213(b). *See, e.g.*, *Lucas v. Bell Trans*, 773 F. Supp. 2d 930, 934 (D. Nev. 2011).

11.      For labor relations purposes, Defendant constitutes the employer of Plaintiffs and all Plaintiff class members (hereinafter referred to as "Class Members").

12.     The identity of DOES 1-50 is unknown at this time, and this Complaint will be amended at such time when the identities are known to Plaintiffs.  Plaintiffs are informed and believe that each of the Defendants sued herein as DOE is responsible in some manner for the

COLLECTIVE AND CLASS ACTION COMPLAINT FOR
MINIMUM WAGES AND OVERTIME COMPENSATION

acts, omissions, or representations alleged herein and any reference to "Defendants," or "ODS" herein shall mean "Defendants and each of them."

## FACTUAL ALLEGATIONS

13.     Defendant is in the business of providing limousine services.

14.     At all times relevant herein, Defendant employed Plaintiffs as hourly paid (non-exempt) Chauffeurs/Limousine drivers.

15.     This is a collective and class action brought on behalf of all persons who worked for the Defendant within the last three years as drivers of limousines and excluding all persons whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of Section 204 of the Motor Carrier Act of 1935 (such employees who regularly transport passengers interstate or to the airport on a "through ticket" interstate).

16.     Because Plaintiffs and Class Members do not drive passengers with "through tickets" from airlines for travel interstate, they are not exempt from overtime under Section 13(b)(1) of the FLSA. *See* Section 24c04 of the United States Department Field Operations Handbook, which states with original emphasis, "[t]herefore, Sec 13(b)(1) will ***not*** apply except in the case of through-ticketing or other common arrangements for continuous passage or interchange between the motor carrier and the air carrier."

17.     Plaintiffs and Class Members were employed by Defendant as limousine drivers who operate either traditional or livery limousines, as the terms are defined in either Nevada Administrative Code ("NAC") 706.080 or NAC 706.124. Under NAC 706.080, a "'[l]ivery limousine' means a motor vehicle engaged in the general transportation of persons for compensation that was originally manufactured as having a capacity of 9 or more persons but less than 16 person, including the driver." Under NAC  706.124, a "'[t]radtional limousine' means a motor vehicle engaged in the general transportation of persons for compensation that was originally manufactured as having a capacity of less than nine persons, including the driver."

COLLECTIVE AND CLASS ACTION COMPLAINT FOR
MINIMUM WAGES AND OVERTIME COMPENSATION

THERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

18.    Because the limousines are subject to the above cited Nevada regulations, the employees who drive them must be subject to the minimum wage and overtime provisions of the FLSA pursuant to Section 306(a) and (c) of the SAFETEA–LU Technical Corrections Act, Pub. L. No. 110–244, 122 Stat. 1572 (2008), which states: "Beginning on the date of enactment of this Act, section 7 of the Fair Labor Standards Act of 1938 (29 U.S.C. 207) shall apply to a covered employee notwithstanding section 13(b)(1) of that Act (29 U.S.C. 213(b)(1))."   Under the SAFETEA–LU Technical Corrections Act, a covered employee includes anyone who drives a vehicle of 10,000 pounds or less, or who drives a vehicle legally holding no more than 8 passengers including driver, or in the case of a van, holds no more than 15 passengers.

19.    While taxicab drivers are exempt from the minimum wage and overtime compensation provisions of the federal Fair Labor Standards Act ("FLSA"), limousine drivers are not. *See* April 17, 1998 Opinion Letter of the Wage and Hour Division of the United States Department of Labor, reported at 1998 WL 852774 (copy attached); Section 24h03 of the United States Department of Labor's Field Operations Handbook; *Powell v. Carey Int'l, Inc.* 490 F.Supp. 2d 1202, 1213 (S.D. Fla. 2006) (Defendant is not exempt as taxicab operators when they have contract arrangements with local hotels, corporate clients, and destination management companies, and utilize large cars that are not traditionally recognized as taxicabs.). Upon information and belief, none of the vehicles driven by defendant's limousine drivers contained meters, nor are they licensed as taxi cabs.

20.    Under the FLSA the "regular rate" at which an employee must be paid includes "all remuneration for employment paid to, or on behalf of, the employee, divided by hours worked in a workweek."  29 U.S.C. § 207(e); *see also* 29 C.F.R. § 778.211 ("Bonuses which are announced to employees to induce them to work more steadily or more rapidly or more efficiently or to remain with the firm are regarded as part of the regular rate of pay.  Attendance bonuses, individual or group production bonuses, bonuses for quality and accuracy of work, bonuses contingent upon the employee's continuing in employment until the time the payment is to be made . . . must be included in the regular rate of pay."); 29 C.F.R. § 778.211 ("For

THERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

COLLECTIVE AND CLASS ACTION COMPLAINT FOR
MINIMUM WAGES AND OVERTIME COMPENSATION

example, any bonus which is promised to employees upon hiring or which is the result of collective bargaining would not be excluded from the regular rate under this provision of the Act."). This general rule has exceptions, none of which are relevant here. *See* § 207(e)(1)-(8).

21.     Defendant pays its limousine drivers "commission percentages" or a percentage of the fare the employer collects from its customers who engaged the particular limousine and driver. The payment Plaintiffs and limousine drivers receive is commonly called a "commission" even though the drivers do not "sell" anything.  If the limousine drivers does not make the average "book," the driver is paid based on a commission and minimum wage mix. See Exhibit A, attached, hereinafter "ODS Commission Percentages."

22.     Defendant pays its limousine drivers the hourly wage rate of $8.25 per hour, implicitly for all hours worked. However, drivers are only paid the hourly wage for the time spent actually driving the client. Plaintiffs and all other limousine drivers are not paid any wage at all for the time completing required work activities prior to the actual pickup of the client and including waiting in line at dispatch with all other drivers to pick up keys, paperwork and trip sheets, collecting radios, and other work instruments, inspecting the vehicle for damage prior to leaving the yard, purchasing and transfer supplies to the vehicles (including but not limited to items such as ice, water, newspapers, tissues, and snacks), making sure vehicle is fueled and clean, driving to the pickup location, and waiting for the actual fare. These work activities take one hour or more prior to the pickup of the first client.  Additionally, at the end of Plaintiffs' and all other limousine drivers' workday, work tasks including verifying trip sheets, completing paperwork, cleaning and inspecting the vehicle must also be completed after the drop off of the last client, amounting to another approximate hour of unpaid work time.

23.     Plaintiffs have attached Exhibit B with this Complaint (hereinafter "Botezatu October 7 – October 14, 2013 Pay Stub – Check No. 98770") as an example of one of the many specific pay periods whereby Plaintiff Emil Botezatu was not paid for all hours suffered or permitted by the employer to be worked at the employee's regular rate of pay or overtime rate of pay, whether scheduled or not. Exhibit B provides irrefutable evidence of Plaintiff's factual allegations as follows:

THERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

COLLECTIVE AND CLASS ACTION COMPLAINT FOR
MINIMUM WAGES AND OVERTIME COMPENSATION

a) For this pay period, Mr. Botezatu was paid 94.75 "drive hours." (See Exhibit B, check #98770.)

b) Mr. Botezatu was paid for 94.75 hours at the wage rate of $9.946/hour for a sum of $942.40. Mr. Botezatu should have been paid one and one half times his regular rate of pay for all hours worked in excess of 40 hours in a single workweek under federal law.

   i. Mr. Botezatu worked 80 regular hours at the wage rate of $9.946/hour for a total of $795.68.

   ii. Mr. Botezatu worked 20 hours and 24 minutes overtime in this pay period. He should have been paid an overtime premium of 1.5 times his regular rate for all hours worked over 40 in the workweek, or $14.93 for 20 hours and 24 minutes of overtime equal to $302.18 in overtime compensation for the pay period.

   iii. Mr. Botezatu's regular rate wages of $795.68 plus his overtime wages of $302.18 should have equaled a check of at least $1,097.86. However, Mr. Botezatu was only paid $942.40 for this pay period.

c) Thus, Mr. Botezatu was underpaid at least $155.46 for this pay period. (It should be noted that this figure does not include nondiscretionary remunerations in calculation of the correct rates of pay.)

24. Exhibit B shows one example of the many pay periods whereby Mr. Botezatu worked over 40 hours in one of the pay period's weeks, but was not compensated for the hours worked in excess of 40 hours during that workweek at the overtime compensation premium of one and one half times the minimum wage or his regular rate for the hours worked in excess of 40 in that workweek pursuant to federal law. Upon information and belief, all other Class Members employed by Defendant worked similar schedules and were paid in the same manner.

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

THERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

25.     Plaintiffs have attached Exhibit C with this Complaint (hereinafter "Clayton November 4 – November 17, 2013 Pay Stub – Check No. 99286") as an example of one of the many specific pay periods whereby Plaintiff Randy Clayton was not paid for all hours suffered or permitted by the employer to be worked at the employee's regular rate of pay or overtime rate of pay, whether scheduled or not. Exhibit C provides irrefutable evidence of Plaintiff's factual allegations as follows:

a)      For this pay period, Mr. Clayton was paid 94.50 "drive hours." (See Exhibit C, check #98286.)

b)      Mr. Clayton was paid $696.08 on "commission" earnings, or $7.365 per hour.

c)      Mr. Clayton should have been paid at least the minimum wage rate of $8.25 for 94.50 hours for a sum of $779.625.

d)      Additionally, Mr. Clayton should have been paid one and one half times his regular rate of pay for all hours worked in excess of 40 hours in a single workweek under federal law.

     i.      Mr. Clayton worked 80 regular hours at the wage rate of $8.25/hour for a total of $660.00.

     ii.     Mr. Clayton worked 14 hours and 30 minutes overtime in this pay period. He should have been paid an overtime premium of 1.5 times his regular rate for all hours worked over 40 in the workweek, or $12.375 for 14.50 hours of overtime equal to $179.437 in overtime compensation for the pay period.

     iii.    Mr. Claytons's regular rate wages of $660.00 plus his overtime wages of $179.43 should have equaled a check of at least $839.43. However, Mr. Clayton was only paid $696.08 for this pay period, a difference of $143.35.

COLLECTIVE AND CLASS ACTION COMPLAINT FOR
MINIMUM WAGES AND OVERTIME COMPENSATION

THERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

e) Thus, Mr. Clayton was underpaid at least $143.35 for this pay period. (It should be noted that this figure does not include any off-the-clock work hours, nor any nondiscretionary remunerations in calculation of the correct rates of pay.)

26. Exhibit C shows one example of the many pay periods whereby Mr. Clayton worked over 40 hours in one of the pay period's weeks, but was not compensated for the hours worked in excess of 40 hours during that workweek at the overtime compensation premium of one and one half times the minimum wage or his regular rate for the hours worked in excess of 40 in that workweek pursuant to federal law.  Upon information and belief, all other Class Members employed by Defendant worked similar schedules and were paid in the same manner.

27. Because Defendant pays Plaintiffs and all other Class Members an hourly wage only when they were actually driving, Plaintiffs and all limousine drivers who are required to be on-call (i.e., waiting for rides) and/or performing other work related tasks (e.g. washing, cleaning, stocking, and servicing the vehicles) did not receive any compensation at all, let alone a minimum wage for all hours engaged in work activities.

28. The policies and practices of Defendant at all relevant times have been substantially similar, if not identical, for all limousine drivers it employs.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

29. Plaintiffs reallege and incorporate by reference all the paragraphs above in this Complaint as though fully set forth herein.

30. Plaintiffs bring this action on behalf of themselves and all other similarly situated and typical employees as both a collective action under the FLSA and a true class action under Nevada law.

31. Pursuant to the decision of the Ninth Circuit Court of Appeals in *Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 52 (9th Cir. 2013) rev'd on other grounds, No. 13-433, 2014 WL 6885951 (U.S. Dec. 9, 2014) *supra,* both opt-in collective or representative treatment of claims under the federal FLSA and FRCP Rule 23 Class treatment of pendant state law claims may be maintained in the same action.

COLLECTIVE AND CLASS ACTION COMPLAINT FOR
MINIMUM WAGES AND OVERTIME COMPENSATION

THERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

32.     The Class and collective group is defined as follows:  **All current and former employees of Defendant who worked as Limousine Drivers at any time during the period of three years prior to filing of this complaint to the date of judgment after trial.**

33.     With regard to the conditional certification mechanism under the FLSA, Plaintiffs are similarly situated to those he seeks to represent for the following reasons, among others:

a.     Defendant employed Plaintiffs as hourly employees who did not receive pay for all hours Defendant suffered or permitted them to work, and did not receive overtime premium pay of one and one half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

b.     Plaintiffs' situations are similar to those they seek to represent because Defendant failed to pay Plaintiffs and all other members of the relevant Classes for all time they were required to work, including time spent performing off-the-clock activities, pursuant to a uniform policy, plan and/or practice.

c.     Common questions of fact and/or law exist whether the time spent by Plaintiffs and all other members of the relevant Class engaging in off-the-clock activities is compensable under federal law and whether Defendant failed to pay them one and one half times their regular rate for all hours worked in excess of 40 hours a week.

d.     Upon information and belief, Defendant employs, and have employed, in excess of 120 Class Members within the applicable statute of limitations.

e.     The named Plaintiffs have filed or will file their consents to sue with the Court.  Plaintiffs will seek conditional certification so that all class members can receive official court notice of the pendency of this action. *See, e.g.*, *Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989).

f.     Defendant has known or should have known its policies alleged herein were unlawful and that they owe employees this money, and have willfully failed to pay their employees properly.

COLLECTIVE AND CLASS ACTION COMPLAINT FOR
MINIMUM WAGES AND OVERTIME COMPENSATION

THERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

34.     FRCP Rule 23 Class treatment for all non-FLSA claims alleged in this complaint is appropriate in this case for the following reasons:

A.     <u>The Class is Sufficiently Numerous</u>: Upon information and belief, Defendant employs, and has employed, in excess of 120 Class Members within the applicable statute of limitations.

B.     <u>Common Questions of Law and Fact Exist</u>: Common questions of law and fact exist and predominate as to Plaintiffs and Class Members, including, without limitation:

1)     Whether Defendant's policy of not paying Plaintiffs and Class Members for all hours worked violates the minimum wage provision of the Nevada Constitution.

2)     Whether Defendant paid former employees all their wages due and owing at the time of their termination.

C.     <u>Plaintiffs' Claims are Typical to Those of Fellow Class Members</u>: Plaintiffs and all Class Members were not paid for all hours worked.  As a result of this pay scheme, Plaintiffs and all other Class Members were compensated at an hourly rate less than the applicable minimum wage. In addition, Defendant did not timely remit all wages due and owing to Plaintiffs and Class Members who are former employees upon their termination.

D.     <u>Plaintiffs are Adequate Representatives of the Class</u>:  Plaintiffs will fairly and adequately represent the interests of Class Members because Plaintiffs are a member of the Class, they have common issues of law and fact with all members of the class, and their claims are typical to other Class Members.

E.     <u>A Class Action is Superior</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense.

COLLECTIVE AND CLASS ACTION COMPLAINT FOR
MINIMUM WAGES AND OVERTIME COMPENSATION

THERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

1    Furthermore, the expenses and burden of individualized litigation would make it

2    difficult or impossible for individual members of the Class to redress the wrongs done to

3    them, while an important public interest will be served by addressing the matter as a

4    class action. Individualized litigation would also present the potential for inconsistent or

5    contradictory judgments.

6    **FIRST CAUSE OF ACTION**

7    (Failure to Pay Wages in Violation of the FLSA, 29 U.S.C. § 201, *et seq.*)

8    35.    Plaintiffs reallege and incorporate by this reference all the paragraphs above in

9    this Complaint as though fully set forth herein.

10   36.    Pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, Plaintiffs and Class Members are

11   entitled to compensation at their regular rate of pay or minimum wage rate, whichever is higher,

12   for all hours actually worked.

13   37.    29 U.S.C. § 206(a)(l) states that "Every employer shall pay to each of his

14   employees who in any workweek is engaged in commerce or in the production of goods for

15   commerce, or is employed in an enterprise engaged in commerce or in the production of goods

16   for commerce, wages at the following rates: (1) except as otherwise provided in this section, not

17   less than (A) $5.85 an hour beginning on the 60th day after the enactment of the Fair Minimum

18   Wage Act of 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and C) $7.25 an

19   hour, beginning 24 months after that 60th day."

20   38.    Once the workday has begun, all time suffered or permitted by the employer to

21   be worked by the employee is compensable at the employee's regular rate of pay, whether

22   scheduled or not.

23   39.    By failing to compensate Plaintiffs and Class Members for the time spent

24   engaging in off-the-clock activities identified above, Defendant failed to pay Plaintiffs and the

25   Class Members for all hours worked.

26   40.    Defendant's unlawful conduct has been widespread, repeated, and willful.

27   Defendant knew or should have known that its policies and practices have been unlawful and

28   unfair.

COLLECTIVE AND CLASS ACTION COMPLAINT FOR
MINIMUM WAGES AND OVERTIME COMPENSATION

THERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

41.     Wherefore, Plaintiffs demand for themselves and for all others similarly situated, that Defendant pay Plaintiffs and all other Class Members their minimum hourly wage rate or their regular rate of pay, whichever is greater, for all hours worked during the relevant time period alleged herein together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

### SECOND CAUSE OF ACTION

(Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207)

42.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

43.     29 U.S.C. Section 207(a)(1) provides as follows:  "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

44.     Once the work day has begun, all time suffered or permitted by the employer to be worked by the employee is compensable at the employee's regular rate of pay or overtime rate of pay, whether scheduled or not.

45.     By failing to compensate Plaintiffs and Class Members for the time spent engaging in work activities identified above, Defendant failed to pay Plaintiffs and Class Members overtime for all hours worked in excess of forty (40) hours in a week in violation of 29 U.S.C. Section 207(a)(1).

46.     Defendant's unlawful conduct has been widespread, repeated, and willful. Defendant knew or should have known that its policies and practices have been unlawful and unfair.

/ / /

/ / /

- 14 -
COLLECTIVE AND CLASS ACTION COMPLAINT FOR
MINIMUM WAGES AND OVERTIME COMPENSATION

47.     Wherefore, Plaintiffs demands for themselves and for all others similarly situated, that Defendant pay Plaintiffs and all Class Members one and one half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time period alleged herein together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

## THIRD CAUSE OF ACTION

(Failure to Pay Overtime Wages at the Correct Rate in Violation of the FLSA, 29 U.S.C. § 207)

48.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

49.     29 U.S.C. Section 207(e) defines the regular rate "at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee" (with certain exceptions not relevant here) divided by the hours worked.

50.     By failing to include mandatory gratuities, the "bonus"/commission, and other non-discretionary payments in the total sum earned before dividing by hours worked, Defendant failed to pay the correct hourly rate for overtime hours worked.

51.     Defendant's unlawful conduct has been widespread, repeated, and willful. Defendant knew or should have known that its policies and practices have been unlawful and unfair.

52.     Wherefore, Plaintiffs demands for themselves and for all others similarly situated, that Defendant pay and reimburse Plaintiffs and all Class Members at the correct overtime rate one and one half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time period alleged herein together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

/ / /

/ / /

/ / /

/ / /

/ / /

THERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

COLLECTIVE AND CLASS ACTION COMPLAINT FOR
MINIMUM WAGES AND OVERTIME COMPENSATION

THERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

**FOURTH CAUSE OF ACTION**

(Failure to Pay Wages for All Hours Worked in Violation of
NRS 608.140, 608.016)

53.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

54.     NRS 608.140 provides that an employee has a private right of action for unpaid wages: "Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his or her employment, and shall establish by decision of the court or verdict of the jury that the amount for which he or she has brought suit is justly due, and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit."  On or about December 23, 2014 Plaintiffs made demand for unpaid wages upon Defendant pursuant to NRS 608.140 but satisfactory payment was not received.

55.     NRS 608.016 states, "An employer shall pay to the employee wages for each hour the employee works."  Hours worked means anytime the employer exercises "control or custody" over an employee.  *See* NRS 608.011 (defining an "employer" as "every person having control or custody . . . of any employee.").  Pursuant to the Nevada Administrative Code, hours worked includes "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee."  NAC 608.115(1).

56.     By failing to compensate Plaintiffs and Class Members for the time spent engaged in work activities described above, Defendant also failed to pay Plaintiffs and Class Members for all hours worked in violation of NRS 608.140 and 608.016.

57.     Plaintiffs and Class Members should have received their regular rate of pay, or the minimum wage, whichever is higher, in a sum according to proof for the hours worked, but not compensated, during the Class Period.  Defendant therefore owes Plaintiffs and Class

Members regular rate wages or minimum wages, whichever are higher, as well as liquidated damages in an equal amount to the wages owed, and has failed and refused, and continues to fail and refuse, to pay Plaintiffs and Class Members the amounts owed.

58.     Although the statute of limitations for minimum wage violations is two years, there is no express statute of limitations for violations of NRS 608.140 and 608.016 and, therefore, the three-year statute contained in NRS 11.190(3) for statutory violations applies.

59.     Wherefore, Plaintiffs demands for himself and for Class Members that Defendant pay Plaintiffs and Class Members their regular hourly rate of pay for all hours worked for three years from the date of filing this complaint until the date of judgment in this action together with attorneys' fees, costs, and interest as provided by law.

## FIFTH CAUSE OF ACTION

(Failure to Pay Minimum Wages in Violation of the Nevada Constitution)

60.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

61.     Article 15 Section 16 of the Nevada Constitution sets forth the requirements the minimum wage requirements in the State of Nevada and further provides that "[t]he provisions of this section may not be waived by agreement between an individual employee and an employer. . . .   An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief.  An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs."

62.     By failing to compensate Plaintiffs and Class Members for the time spent engaging in work activities identified above, Defendant failed to pay Plaintiff and Class Members minimum wages for all hours worked in violation of the Nevada Constitution.

/ / /

/ / /

THERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

COLLECTIVE AND CLASS ACTION COMPLAINT FOR
MINIMUM WAGES AND OVERTIME COMPENSATION

THERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

63.     Wherefore, Plaintiffs demands for themselves and for all Class Members payment by Defendant at their regular hourly rate of pay or the minimum wage rate, whichever is higher, for all hours worked during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

## SIXTH CAUSE OF ACTION

(Failure to Timely Pay All Wages Due and Owing Upon Termination
Pursuant to NRS 608.140 and 608.020-.050)

64.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

65.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

66.     NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

67.     NRS 608.040(1)(a-b), in relevant part, states that "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

68.     NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

69.     By failing to pay Plaintiffs and Class Members who are former employees of Defendant all their wages owed for all hours worked in violation of NRS 608.140, 608.016, the Nevada Constitution, and 608.018, Defendant has failed to timely remit all wages due and owing to Plaintiffs and Class Members who are former employees.

COLLECTIVE AND CLASS ACTION COMPLAINT FOR
MINIMUM WAGES AND OVERTIME COMPENSATION

70.     Despite demand, Defendant willfully refuses and continues to refuse to pay Plaintiffs and Class Members who are former employees all the wages that were due and owing upon the termination of their employment.

71.     Because there is no express statute of limitations for violations of NRS 608.020-050 and NRS 608.140, the three-year statute contained in NRS 11.190(3) for statutory violations applies.

72.     Wherefore, Plaintiffs and Class Members demand thirty (30) days wages under NRS 608.040 and NRS 608.140, and thirty (30) days wages under NRS 608.050 and NRS 608.140, together with attorneys' fees, costs, and interest as provided by law.

## SEVENTH CAUSE OF ACTION

### (Breach of Contract)

73.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

74.     At all times relevant herein, Defendant had an agreement with Plaintiffs and with every Class Member to pay an agreed upon hourly wage rate for all hours they worked for Defendant.  Indeed, Defendant offered to pay Plaintiffs and Class Members a specific rate of pay in exchange for Plaintiffs' and Class Members' promise to perform work for Defendant.

75.     The parties' employment agreement necessarily incorporated all applicable provisions of both state and federal law, including especially the labor laws of the State of Nevada.

76.     Defendant beached its agreement with Plaintiffs and Class Members by failing to compensate them for all hours worked, namely all hours spent under the custody and control of Defendant while not actually driving a client, at the agreed upon rate of pay.

77.     As a result of Defendant's breach, Plaintiffs and Class Members have suffered economic loss that includes lost wages and interest.

78.     Wherefore, Plaintiffs demands for himself and for Class Members that Defendant pay Plaintiffs and Class Members their agreed upon rate of pay for all hours worked

THERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

COLLECTIVE AND CLASS ACTION COMPLAINT FOR
MINIMUM WAGES AND OVERTIME COMPENSATION

off the clock during the relevant time period alleged herein together with attorney's fees, costs, and interest as provided by law.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial pursuant to FRCP 38.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs, individually and on behalf of all Class Members and all others similarly situated, pray for relief as follows:

1. For an order conditionally certifying this action under the FLSA and providing notice to all members of the Class so they may participate in this lawsuit;

2. For an order certifying this action as a class action under FRCP Rule 23 on behalf of each of the Class Members;

3. For an order appointing Plaintiffs as the representatives of the Class and their counsel as Class Counsel;

4. For damages according to proof for regular rate pay under federal laws for all hours worked;

5. For damages according to proof for minimum rate pay under federal law for all hours worked;

6. For damages according to proof for overtime compensation at the applicable rate under federal law for all hours worked over 40 per week;

7. For liquidated damages pursuant to 29 U.S.C. § 216(b);

8. For damages according to proof for regular rate or minimum wage rate, whichever is higher, under NRS 608.140, 608.016, and the Nevada Constitution, for all hours worked;

9. For thirty (30) days wages pursuant to NRS 608.140 and NRS 608.040;

10. For thirty (30) days wages pursuant to NRS 608.140 and NRS 608.050;

11. For interest as provided by law at the maximum legal rate;

12. For reasonable attorneys' fees authorized by statute;

13. For costs of suit incurred herein;

THERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

14.     For pre-judgment and post-judgment interest, as provided by law, and

15.     For such other and further relief as the Court may deem just and proper.

Dated this 9th day of January 2015.            THIERMAN BUCK, LLP


                                               By:    /s/Leah L. Jones
                                                      MARK R. THIERMAN
                                                      JOSHUA D. BUCK
                                                      LEAH L. JONES
                                                      *Attorneys for Plaintiff*

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

COLLECTIVE AND CLASS ACTION COMPLAINT FOR
MINIMUM WAGES AND OVERTIME COMPENSATION